

FILED

11/7/2023

AXA

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT ILLINOIS,

# EASTERN DIVISION

DORIS V WALKER

WALKEREALTY LLC

**Federal Case Number 121cv03589**

**Honorable Judge A Wood**

**Magistrate Beth Jantz**

PLAINTIFF

V

BANK OF AMERICA N. A.

Ad Addendum        10,000000.00

DEFENDANT


THIRD-PARTY

LIENHUB DOING BUSINESS AS

GRANT STREET GROUP

V


**<u>Various Named Counties in Florida</u>**

Bay County Tax Department Def 3

Brevard County Tax Department Def 4

Charlotte County Tax Department Def 5

Citrus County Def Tax Department 6

Escambia County Tax Department Def 7

Flager County Tax Department Def 8

Hillsborough County Tax Department Def 9

Indian River County Tax Department Def 10

Lake County Def Tax Department 11

Pasco County Def Tax Department 12

Santa Rosa County Tax Department Def 13

Port St Lucie Tax Department Def 14

Walton County Tax Department Def 15

**Circuit Courts**

Lake County Florida Circuit Court

Bay County Florida Circuit Court

Hillsborough County Florida Circuit Court

Charlotte County Florida Circuit Court

Walton County Florida Circuit Court


**Non-Parties to Suit**

Payment Express

Deed Express

Florida Department of Revenue

Sheriffs Departments of Each County named

Apple Inc

Facebook

US  Department of Justice


**Motion for Judgment on the Pleadings**
**Pursuant to**
**FRCP 12(c)**

Plaintiffs on motion request relief in the form of Summary Judgment as a matter of Law. **(c) *Motions for judgment on the pleadings.*** A party may file a motion for judgment on the pleadings on the basis that no answer has been filed, or that the pleadings disclose that there are no material issues of fact to be resolved and that party is entitled to judgment as a matter of law.(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for judgment on the pleadings. Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The pleadings close after the following documents are filed: a complaint, an answer to the complaint, any counterclaims and answers, third-party complaints and answers, and any reply to an answer. Plaintiff contends that this is a meritorious claim. Plaintiff contends that all defendants have had ample time to address this court and all Defendants have been enjoined and served: See: (a) TIME TO SERVE A RESPONSIVE PLEADING.(1)*In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:(A) A defendant must serve an answer:(i) within 21 days after being served with the summons and complaint; or(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time. See also, (h) WAIVING AND PRESERVING CERTAIN DEFENSES.(1)*When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)-(5) by:(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or(B) failing to either:(i) make it by motion under this rule; or(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Plaintiff contends there is no genuine dispute to the fact that the Defendants locked the Plaintiff out of her investment account and failed to return her money when that decision was made or cure the breach according to federal law, See Exhibit II. As in every civil case, the right to relief must be adequately alleged and proved. *Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 505. The proceeding is instituted by the filing of a petition "supported by affidavit or other appropriate showing as to matters not of record." (Ill. Rev. Stat. 1989, ch. 110, par. 2-1401(b).) Like a complaint, the petition must be legally sufficient in affirmatively setting forth specific allegations supporting the right to relief. ( *Smith v. Airoom, Inc.* (1986), 114 Ill.2d 209, 220-21.)By the Defendant Lienhub's own admission defendants deprived the Plaintiff of her civil federal rights enumerated in all complaints. Plaintiff Doris Walker has provided this court with notice of the injuries to the Plaintiff time and time again.( *Airoom*, 114 Ill.2d at 220-21.) See: **General Requirements of Pleading, 3. Complaint**, a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction, unless the court needs no jurisdictional support. 2. A short and plain statement of the claim showing that the claimant is entitled to relief and a demand for relief sought. See: FRCP 8 (a). Additionally, b. **Statement of the Claim,** (i), **Notice pleading** Because the only function left exclusively to the pleadings by the Federal Rules of Civil Procedure is that of *giving notice,* federal courts frequently have said that the Federal Rules of Civil Procedure adopted a system of notice pleading. **FPP§ 1202: Swierkiewicz V Sorema N.A 122 Supreme Court.** To comply with  the requirement that a complaint contain a short and plain statement of the claim a pleading mist give the opposing party fair notice of the nature of a claim and of the basis of the grounds for it,  so that the defendant will at least be notified as to which of its actions gave rise to the claim upon which the complaint is based.. FED PROC§ 62-45. See e.g., Specifically, relief should be granted on the basis of the pleadings, affidavits, and the record of the prior proceeding alone if no factual dispute is raised and the allegations of the petition are thereby proven. ( *Ostendorf*, 89 Ill.2d at 286.) If a disputed factual issue exists material to whether relief is justified, an evidentiary hearing is required. ( *Ostendorf*, 89 Ill.2d at 286.) In that event, as in any other civil case, relief is appropriate only where the petition's allegations are proved by a preponderance of the evidence. *Airoom*, 114 Ill.2d at 221. See; Klein V Lasalle National Bank.

The Plaintiff has presented material facts in the initial complaint, 2nd amended complaint, 3rd amended complaint, 4th Amended Complaint, 5th Amended Complaint, and has crafted a memorandum in support of Summary Judgment with Exhibits. The Page count may exceed what is acceptable and the Plaintiff also moves for an exception to the rule for the page count in this case. Plaintiff now moves for summary judgment on all counts contained in the 4th and 5th Amended Complaints.

## Legal Facts of the Case

Doris V Walker, Walkerealty LLC  is the Plaintiff, and she individually and through her single member LLC, sole proprietorship entered into contracts as a secured party, purchasing County Held Certificates from the Lienhub Platform. After paying for certificates and receiving notices of payment confirmations, Lienhub's Administrator began to send notices of chargebacks. The Plaintiff would then pay again to cover the expense of the purchases. The only legitimate chargeback or dispute on the account of the Plaintiff was a 5000.00 and 3000.00 refundable deposit from the annual tax sale of 2021. If the participant doesn't make a purchase the money is refunded to the bank after the sale, the Plaintiff did not make any purchases and therefore, the money was refunded to the account. There was a 100 dollar deposit and 274.oo purchase made to Brevard County however, those purchases were never added to the Plaintiffs account after the money was refunded from the tax sales. This was a total of 8000.00 refunded to the Plaintiffs account however, Bank of America N. A. charged an additional 5000.00 deposit to the account of the Plaintiff without consent in the end there were a total 4/ 35$ overdraft charges for the refunds.

BANA is Defendant 1 and is identified as a Corporation BANA is incorporated or is organized as an association in the State of North Carolina and organized under the laws of the State.Note: But for the power of the state, the corporation, llc, foreign llc, etc…could not exist. The corporation, association, nonprofit is a creation of the state governed by State law. Test: What identity or power does the corporate vehicle have outside of the State? Defendant BANA has charged the Plaintiff double as the Exhibits will clearly show, to deprive the Plaintiff of her assets. After clearly being notified that payments had been received by the County,

Lienhub's Administration sent notices of chargebacks, which are complete lies. At all times the Plaintiff had monies to clear the purchases made to the Lienhub platform.

Lienhub Defendant 2
 and the Various Counties and Clerks offices are one entity governed by the Florida Department of Revenue.
Defendants 2-21 are 1 defendant under the law. Defendants 2-21 are organized under the laws of the Florida Department of Revenue, therefore Lienhub and the various counties are state actors. Therefore, service on Lien Hub is in fact service on all counties. And the default against Lienhub has been entered in all counties associated with Lienhub in the subject action. See Exhibit: Lienhub, has intentionally, lied about the payments made to the counties, holding over charges, and representing items for payment to the Plaintiff.

*Additionally, the Plaintiff would like to direct the Defendant BANA in any further motions to dismiss the Plaintiff's Complaint, that they specify in their motion to dismiss, that they individually be dismissed as a particular defendant, BANA cannot dismiss the action entirely, because they are not the only Defendant. And they do not represent the interest of the other Defendants.

Counts as to BANA

### Count 1

Denial of Access to Records No Investigation into the matter

Plaintiff alleges that Defendant 1 BANA, violated 15 U.S.C. § 1693f(d) and 15

USC 1, by failing to explain to the Plaintiff its investigational findings about the

missing payments from the Plaintiffs bank statements.

### Count 2

20

## 42 US Code § 1985 - Conspiracy to interfere with civil rights

All Defendants have entered into a conspiracy to deprive the Plaintiff of her initial investment and contractual obligation.

42 USC Section 1981

**Title 18, U.S.C., Section 241** - Conspiracy Against Rights

**42 USC § 1981 Equal Rights Under the Law**

**42 USC 1983 Damages for Deprivation of Rights**

**Plaintiff is entitled to damages under the law due to the deprivation of the rights enumerated in this Motion for Judgment on the Pleadings.**

## 42 US Code § 1985 (E) - Conspiracy to interfere with civil rights

**All Defendants have conspired to interfere with the civil rights of the Plaintiff**

**42 U.S. Code § 1988 - Proceedings in vindication of civil rights**

**Plaintiff is allowed to proceed in an action for the vindication of her civil rights.**

**5 USC 552a Loss due to Negligent and Wrongful Act of Federal Employees**

**Plaintiff has suffered innumerable losses due to the Employees of each company named.**

**18 U.S.C. §§ 2510-2523 Electronic Communications Privacy Act of 1986 (ECPA),**

## Count 3

## 21

**Failure to Investigate**

15 U.S.C. § 1693d(a)

15 USC 1

BANA has failed to make a report regarding the complaints outlined in the subject incident of the complaint.

**12 C.F.R. § 205.11(c)(1)**

(ii) An incorrect electronic fund transfer to or from the consumer's account;(iii) The omission of an electronic fund transfer from a periodic statement;(iv) A computational or bookkeeping error made by the financial institution relating to an electronic fund transfer;(v) The consumer's receipt of an incorrect amount of money from an electronic terminal;(vi) An electronic fund transfer not identified in accordance with §§ 205.9 or 205.10(a) ; or

**12 CFR 205 Regulation E**

**(b) *Purpose.* This part carries out the purposes of the Electronic Fund Transfer Act, which establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the act and this**

**part is the protection of individual consumers engaging in electronic fund transfers.**

**Plaintiff  alleges that Defendant BANA violated 15 U.S.C. § 1693f(d), 12** (a)

Notification to financial institution of error

If a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 1693d(a), (c), or (d) of this title or notification pursuant to section 1693d(b) of this title, receives oral or written notice in which the consumer-

(1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;(2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 1693d(b) of this title, the consumer's account, contains an error and the amount of such error; and(3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred,

**C.F.R. § 205.11(c)(1), 18 U.S.C. § 1001[1] by failing to include a notice of Plaintiff's right to request reproductions of the documentation with the explanation of its findings regarding erroneous bank statements**

 **Defendant 1 Bank of America N.A.,(a)*Definition of error* -(1)*Types of transfers or inquiries covered.* The term *error* means:(i) An unauthorized electronic fund transfer;(ii) An incorrect electronic fund transfer to or from the**

consumer's account;(iii) The omission of an electronic fund transfer from a periodic statement;(iv) A computational or bookkeeping error made by the financial institution relating to an electronic fund transfer;(v) The consumer's receipt of an incorrect amount of money from an electronic terminal;(vi) An electronic fund transfer not identified in accordance with §§ 205.9 or 205.10(a) ; or

Civil Rights Act of 1964

**Civil Rights Violations: Real Estate Transactions IlCS 5/3-102 entire section**

## Count 4 RACIAL DISCRIMINATION

All Defendants have exercised an independent personal stake in achieving an illicit objective, Defendant 1, specifically has displayed an invidiously discriminatory animus toward the Plaintiff, Defendant 1 BANA has displayed personal racial animus by purposely manipulating the account of Plaintiffs Doris V Walker and Walkerealty with their co-defendants and co-conspirators, but for the Defendant's conduct this action would not exist.

## Count 5

23

### Defendant 1 Failure to Maintain Records of Plaintiffs Account

FDIC Banking Regulation *[Codified to 31 C.F.R. § 1020.400]*

## § 1020.410  Records to be made and retained by banks. Bana has not delivered an accurate accounting of the Plaintiffs purchases

(10)  Documentation. The records maintained by a bank to document its compliance with and administration of the rules of this section shall be maintained in accordance with the provisions of Sec. 1010.430.

### Count 6

### 24

**Fraud/Concealment**

18 US Code § 1341 - Frauds and swindles

Defendant 1, BANA, has committed fraud through concealment, by withholding payments made from Lienhub, deleting payment records

### Count 7

25

Defendant 1, BANA, Miscalculation of Interest Failure to Pay Interest

**197.172   Interest rate; calculation and minimum.**

Plaintiff has been Deprived of Interest for Expired Certificates Miscalculations of Interest for Redemptions there is a mandatory 18% of interest payable on all certificates which was due upon breach.

## Count 8

## 26

**Defendant BANA**

**UCC Section II Electronic Contracts Part 6 Breach**

**Material Breach of Contract**

Defendant 1 has breached the agreement located in the banking agreement that commenced in May of 2020

Failure to Produce Documentation, Failure to Investigate Errors on Account and Make a Report to the account holder readily available within 10 days of being notified or errors on the account.

In February of 2021 Plaintiffs entered Bank of America and requested a printout of purchases from account 5166, This printout reflected only some of the purchases made to Lienhub. This was an in person request.

This request would be made again in May, June, and July to no avail up until the Plaintiff was locked out of the account

## Count 8

## 27

**Negligence, Negligence per se**

**DEFENDANT 1 Negligence, Negligence Per se**

BANA has negligently disregarded the security of the Plaintiffs account. BANA had the duty to protect the account of the Plaintiff, accurately maintain the records, and to provide the Plaintiff with accurate accounting and reports. Instead BANA has attempted to purge and delete the records of the Plaintiff and conceal their behavior.

## Count 9 against BANA

**Tortious Interference with business relations**

Defendant 1 has attempted to destroy Plaintiff's business by concealing the purchases and accounting on the portfolio of the Plaintiff made between January 1, 2021, and June 7th, 2021 and locking the Plaintiff out of her account, by refusing to send notices regarding the status of her account. Defendant has deleted, purged, erased, and replaced the information contained in the original record of the bank account of Plaintiff. Defendant has erased hundreds of records and has concealed the actual accounting within the confines of the Plaintiffs accounts related to this suit.

## Count 10

### 28

**Defendant 1  Civil Fraud:**

BANA has committed civil fraud by deleting the purchases of the Plaintiff, withholding the documents related to purchases of the defendant, the Bank should

have produced the documents in question, but they did not comply with the request.

## COUNT 11

### 29

**DEFENDANT 1 BANA**

**Intentional Infliction of Emotional Distress**

Defendant 1, has intentionally lied about the purchases made from the account of the Plaintiff in relation to Lienhub, causing stress, duress, and intentional emotional distress due to inaccuracies in their record-keeping and retrieval of the Plaintiffs account. B A N A, has intentionally and recklessly given misinformation regarding the accounting of the Plaintiffs account. This behavior has been evidenced on the entire account of the Plaintiff held with BANA

### Count 12

Defendant 1

BANA Double charging the Plaintiffs account.

Between January 1 and June 7, 2021.

### COUNT 2 DEFENDANT 2 Lienhub

### 30

### Count 1 Defendant 2

**Tortious Interference with business operations**

Please see the attached jpg photo taken on the Plaintiffs IPhone which recorded the time and date of the Plaintiffs being locked out of their online account. Exhibit 7 Defendant 2 Lienhub locked Plaintiff out of the online investment portfolio, has continued to deny access to Plaintiff, and exerted control over the intellectual property, and assets in the form of security interest Although the Florida Department of Finance governs taxation in the state of Florida.

## Count 2 Defendant 2 Illegal lockout of Account

**Illegal Lockout of Account**

Defendant 2 Illegally locked the Plaintiff out of their account on June 6, 2021 and refused to give access back to the Plaintiff.

## COUNT 3 DEFENDANT 2

## 31

**Fraudulent Misrepresentations**

Defendant 2 made several fraudulent misrepresentations and committed fraud when they locked the Plaintiffs out of their account on June 7th, 2021 with no authority to make that decision.

## COUNT 4 DEFENDANT 2

## 32

**Breach of Contract**

Per Florida Statute 197. 482 Expiration of Tax Certificates-Seven Years after the
date of issuance of a tax certificate which is the date of the first day of the tax
certificate sale as advertised. Please see Exhibit 3  List of Purchases made by
Defendant County

**Plaintiff asserts that** Defendant 2 asserted control over the intellectual property
and assets of Plaintiffs Defendant 2 Sold, transferred, and concealed the assets of
Plaintiff. Defendant has a clear right to the Certificates contained within the online
portfolio for 7 years.

### COUNT  5 DEFENDANT 2- 14TH AMENDMENT RIGHTS:

The Defendant has acted under the color of the law given by the Florida
Department of Finance, without the authority of the Department of Finance or
Department of Revenue Lien Hub would have no authority at all. All provisions of
the Tax Sale and sale of Certificates are governed by statutory law and  by the
Florida Department of Finance/Revenue Taxation Department. There are no other
laws that Lienhub has authority to act under.

Therefore: the deprivations that the Plaintiff has experienced have been attributed
to the Florida Department of Finance via the Lienhub corporation **and this count**
is specifically aimed at analyzing the relationship between the Florida Department
of Finance and Lienhub. Plaintiffs have been deprived of control of their lienhub

account with 500 plus purchases that span from January 1/2021-December 1, 2021 made on their platform.

This event took place on June 6, 2021 and has continued to the present.

## COUNT 6  DEFENDANT 2's

## Deprivation of Plaintiffs 5TH AMENDMENT RIGHTS

### 34

Violation of 14th, and 5th Amendment Constitutional Rights

Defendant 2 has denied access to the Portfolio of property rights, and intellectual property rights contained and maintained within their website in the form of electronically stored records called the Lienhub dashboard. These rights have been abridged on several occasions with the denial of access to the Plaintiffs online records, the intentional transferring, selling, and concealment of purchases.

## COUNT 7 DEFENDANT 2

### 36

Breach of Privacy,  The Privacy of the Plaintiffs has been breached by Defendant 2 Protected information has been disclosed to non-parties in relation to the account of the Plaintiffs. Lienhub has blatantly disrespected and disregarded the rights of the account holders, the Plaintiffs.

## Count 8 Defendant 2

## 37

Data breach The data contained within the online account of the Plaintiffs has been severely compromised by Defendant 2. The Defendants have shared exclusive information with outsiders  who have no involvement with either of the Plaintiffs.

### Count 9 Defendant 2

38

Interference with the electronically stored information

Defendant 2 Lienhub has locked the Plaintiff out of the Lienhub Platform

Defendant 2 has sold information pertaining to the account of Plaintiff to other parties.

### Count 10 Defendant 2

Product Liability for the Lienhub software for vulnerabilities and failure to initiate protocols to prevent breaches, data breaches, or unauthorized persons from manipulation of the software.

### Count 1 Defendants 3-15

**Fraudulent Misrepresentations**

### COUNT 2 DEFENDANT 3-15

**41**

**Breach of Contract**

Per Florida Statute 197. 482 Expiration of Tax Certificates-Seven Years after the date of issuance of a tax certificate which is the date of the first day of the tax certificate sale as advertised. Please see Exhibit 3  List of Purchases made by Plaintiff.

## COUNT  3 DEFENDANT 3-15- 14TH AMENDMENT RIGHTS

Defendant 3-15 have deprived the Plaintiffs of a security interest, lienor rights, and real property rights without authority to do so. **The Defendants have intentionally left the Plaintiff in the dark as to the status of her account by failing to provide notices of the transactions, sales,  surpluses and deposits. Allowing certificates to purposely expire by not refunding her money plus interest. Plaintiff has contacted each county several times to no avail consistently throughout these proceedings.**

## COUNT 4  DEFENDANT 3-15- 5TH AMENDMENT RIGHTS

**42**

Violation of 14th, and 5th Amendment Constitutional Rights

Defendant 3-15 has denied access to the Portfolio of property rights contained and maintained within their website in the form of electronically stored records in the form of a taking which requires just compensation under the 5th amendment. Plaintiffs purchased bodies of water which fall under maritime law which need to be addressed. Although the monies were refunded from Hillsborough County for the Parcel of land 28 Acres, the Plaintiff is still entitled to a property of equal size to replace the parcel that was taken.

### COUNT 4 DEFENDANT 3-15

### 43

Breach of Privacy,  The Privacy of the Plaintiffs has been breached by Defendant 2 Protected information has been disclosed to non-parties in relation to the account of the Plaintiffs. Lienhub has blatantly disrespected and disregarded the rights of the account holders, the Plaintiffs.

### Count 5

Data breach The data contained within the online account of the Plaintiffs has been severely compromised by Defendant 2. The Defendants have shared exclusive information with outsiders  who have no involvement with either of the Plaintiffs.

### Count 6

Interference with the electronically stored information

Defendants 3-15 have sold information pertaining to the account of Plaintiff to other parties.

**Count 7 Interference with Electronically Stored information**

**As to defendants 3-15 all defendants have compromised the electronically stored information regarding the Plaintiffs Lienhub account**

Count 8 Defendants 3-15

45

<u>FRAUD/COLLUSION IN DEPRIVING LIENOR OF RIGHTS/BENEFITS -</u>

**Count 9** Defendants 3-15 Negligence, Negligence Per se

**Count 10** Defendant 3-15 <u>Civil Theft – §812.014, FLORIDA STATUTES</u>

**Count 11** Material Breach Defendants 3-15

**Count 1**

**Defendants 16-21** under the civil rights act of 1964 All named counties in Florida:

**Racial Discrimination**

Lake County Florida Circuit Court

Bay County Florida Circuit Court

Hillsborough County Florida Circuit Court

Charlotte County Florida Circuit Court

Santa Rosa County

Walton County Florida Circuit Court

## Count 2

**Fraud: Defendants Defrauded the account of the Plaintiff beginning on January 5, 2021 when they deleted a purchase from the Plaintiff's portfolio and alleged a charge back.**

## Count 3

**Material Breach Defendants have substantially under performed the contract between the Plaintiff and Defendants by not reporting the results of the sales, surpluses and not depositing the money from the Lienhub platform into the account of the Plaintiff, also, by not offering an option of private sales outlined in the UCC Section 9 certificated sales/secured transactions.**

### Count 3 Defendants 16-21

### 51

### Count 4

**Negligence Defendants have intentionally and recklessly behaved toward the Plaintiff with their actions and behavior.**

46

The Defendants have committed civil theft on the account of the Plaintiff

Defendants have concealed or sold part of the Plaintiffs portfolio without the

Plaintiffs permission.

Exhibit A of Motion for Summary Judgment
Summary of Facts

On the first line of the graph below, you will see that the county directs all
inquiries, questions, and concerns about tax certificates to LienHub Administrator
or Lienhub Support.



# Tax Certificate/Tax Deed Application General Information

Tax Deed Application Processing is now available online at www.LienHub.com

A Tax Certificate is a lien against real estate (not the owner) and becomes the basis upon which a Tax Deed Application is filed. Purchasers of Tax Certificates must provide the Tax Collector a Social Security Number or Federal Identification Number for reporting interest earned to the Internal Revenue Service

- A Tax Certificate is issued to the party bidding the lowest rate of interest on the tax amount due. The interest rate shall not exceed 18% and may bid as low as 0% in fractional increments of 1/4%.
- Persons are required to bid on our website at www.LienHub.com
- The purchase or redemption of a Tax Certificate does not convey title or legal interest in property. After two years have elapsed from April 1st of the year of issuance of the Tax Certificate, a Tax Deed Application (TDA) may be filed using the Tax Certificate as basis. After the TDA is filed, the Clerk of Circuit Court sets and advertises the date of the Tax Deed Sale. This sale is generally held in the courthouse and anyone may bid on the parcel. Prior to the filing of a TDA, delinquent taxes may be paid one year at a time; after a TDA is filed, all delinquent and current taxes due plus costs and penalties must be paid. As recommended by the State of Florida Administrative Code,

Secondly, The Plaintiff entered into a contract with Lienhub and Counties named is a legal fact and material fact to purchase secured certificates that were county held only.

Next, all Defendants breached the contract on 6/1/2021 and later notified the Plaintiff of their decision. See Exhibit II, Lienhub Administrator Response.

4, All Defendants conspired to undermine the rights of the Plaintiff by not following the procedure outlined in the contract provided under the rules from the Florida Department of Revenues tax code. And did not promptly refund the money of the Plaintiff. Instead, All Defendants conspired to steal the monies of the Plaintiff by presenting payments for assets twice as to Defendants Lienhub and Bank of America N.A. after the County reported that they had received payments and the check cleared. See Exhibit III.

5, Defendants have been found to be intentionally grossly negligent in their breach of contract and subsequent intentional fraudulent actions toward the Plaintiffs, Doris Walker and Walkerealty LLC. The Plaintiff has not received any notices of the proceeds from the sales such as surpluses and has been deprived of all surpluses and money derived from the sales of the properties. Plaintiff has been deprived of all of the assets contained in her portfolio. Plaintiff has been deprived of making and executing contracts, and has been restricted in her freed trade rights. Plaintiff has been subjected to tortious interference on the part of all defendants.

6, Defendants had several duties all of which they failed to perform according to the Contract such as 18% interest for all certificates from redemptions and surpluses and depositing those monies into the account of the Plaintiff's bank account, all of which they failed to perform as necessary functions of the contract. All warranties implied and otherwise. BANA has testified in court that there have been no deposits into the Plaintiffs account under oath. However, the Exhibits and evidence clearly shows that payments were made via ACH to Bank of America N. A., and to Lienhub. However the Plaintiff never received those payments. Plaintiff has 5 redemptions which were mailed and the envelopes for those mailings are displayed in Exhibit III. Defendant's failed to refund the Plaintiffs money after

locking the Plaintiff out of her account Under the UCC Section 9 the Defendants had 10 days to refund the money and interest per the contract, however, they failed to do so. Plaintiff is entitled to specific performance and other remedies, lost profits, and damages for breach of warranty, incidental damages and consequential damages, all of which have been ignored There are issues involving Maritime that have not been addressed due to the lateness of the Respondent Lienhub to this suit.

7, The Defendant has not paid the Plaintiff her principal or interest during and after this action according to statute and contract all interest was due upon locking the Plaintiff out of her account Defendants failed to  offer a remedy, or cure for the breach. Defendants violated UETA section 1-108 as it relates to E-Sign. Section 2-711 grants the right to a return of money paid. See Unlimited Inc. V W F Johnson Co. 1989.

8, Neither Defendant has not reported any proceedings from the auction or any other deposits to the account or surpluses of the Plaintiff other than those shown in Exhibits. In other words the Plaintiff invested 47,500.00 that has a corresponding Market Value in the Lienhub Platform to date with purchases spanning from January 2021-December 2021 in secured assets governed by the UCC,section 9. See: Secured Transactions.

See Purchases Date Range:









**Conclusion:** All Defendants have acted outside of their scope of authority toward the Plaintiff in denying the Plaintiff of substantive and procedural due process under the Constitution specifically 42 USC 1983, the 14th and 5th Amendments in deprivation of her rights to make contracts, and deprivation of security interest. Additionally, the county held certificates have specific times and dates that they can be redeemed, all redemptions made outside of the specified time frames after default of the debtor are illegal. The sales of the Property can be conducted privately at the certificate owners request which was totally ignored by the Clerk's of the Circuit Courts that were named as Defendants in this case.

All Defendants have displayed a racially motivated animus toward the Plaintiff. But for that racially motivated animus this action would not exist.

Plaintiffs 2-21 have taken the property of the Plaintiff in the form of 8 tax deeds and have not notified the Plaintiff of surpluses or credited the bank account of the Plaintiff. All of the Plaintiffs Bank Accounts have been forced closed by the Defendant BANA. Account 1230, 1214, 9883, 6369, 5153, 4323, 5166. This taking has deprived the Plaintiff of her constitutional right to fair market value of the properties taken See; Binder 10, and have not conducted the sales of the property in private.

Article 9 is a section under the UCC governing secured transactions including the creation and enforcement of debts. The language in the UCC is identical to the State of Florida's language regarding the sales involving secured transactions.


## § 9-609. SECUR§ 9-610. DISPOSITION OF COLLATERAL AFTER DEFAULT.

**(a) [Disposition after default.]**

After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing.

**(c) [Purchase by secured party.]**

A secured party may purchase collateral:

(1) at a public disposition; or

(2) at a private disposition only if the collateral is of a kind that is customarily sold on a recognized market or the subject of widely distributed standard price quotations.


## § 9-609. SECURED PARTY'S RIGHT TO TAKE POSSESSION AFTER DEFAULT.

## ED PARTY'S RIGHT TO TAKE POSSESSION AFTER DEFAULT.

**(a) [Possession; rendering equipment unusable; disposition on debtor's premises.]**

After default, a secured party:

(1) may take possession of the collateral; and

(2) without removal, may render equipment unusable and dispose of collateral on a debtor's premises under Section 9-610.

**(b) [Judicial and nonjudicial process.]**

A secured party may proceed under subsection (a):

(1) pursuant to judicial process; or

(2) without judicial process, if it proceeds without breach of the peace.

Florida Statutes:

**76.01   Right to attachment.**—Any creditor may have an attachment at law against the goods and chattels, lands, and tenements of his or her debtor under the circumstances and in the manner hereinafter provided.

**76.13   Writ; form.**—

 **(1)   GENERALLY.**—The writ of attachment shall command the sheriff to attach and take into custody so much of the lands, tenements, goods, and chattels of the party against whose property the writ is issued as is sufficient to satisfy the debt demanded with costs.

**76.03   Courts from which attachments shall issue.**—Attachments shall be issued by a judge of the court which has jurisdiction of the amount claimed by the creditor, but if the property to be attached is being actually removed from the state and the creditor is unable to obtain process from the proper court in time to prevent such removal, any judge may issue the writ,

making it returnable to the proper court and immediately sending all papers in the action to the clerk of the court to which the writ is returnable.

(18)  "Lender" means any person who loans money to an owner for construction of an improvement to real property, who secures that loan by recording a mortgage on the real property, and who periodically disburses portions of the proceeds of that loan for the payment of the improvement.(f)  A professional lienor under s. 713.03;

(b)  Any tax lien granted by law to the state or any of its political subdivisions for any tax enumerated in s. 72.011 or any tax lien imposed under s. 196.161 expires 20 years after the last date the tax may be assessed, after the tax becomes delinquent, or after the filing of a tax warrant, whichever is later. An action to collect any tax enumerated in s. 72.011 may not be commenced after the expiration of the lien securing the payment of the tax.

**197.502  Application for obtaining tax deed by holder of tax sale certificate; fees.—**

(1)  The holder of a tax certificate at any time after 2 years have elapsed since April 1 of the year of issuance of the tax certificate and before the cancellation of the certificate, may file the certificate and an application for a tax deed with the tax collector of the county where the property described in the certificate is located. The tax collector may charge a tax deed application fee of $75 and for reimbursement of the costs for providing online tax deed application services. If the tax collector charges a combined fee in excess of $75, applicants may use the online tax deed application process or may file applications without using such service. Entire Section

The Plaintiff contends that there are no set of facts that would absolve the Defendants of their contractual obligations in this action and now request summary judgment as a matter of law in light of the fact that no set of facts or defenses could be presented that would grant a judgment in their favor.

Wherefore, Plaintiff presents to the court this application judgment on the pleadings presenting sufficient evidence of breach. Plaintiff contends that there are no disputable facts that could be presented by the defense that would deny the Plaintiff a judgment, and requests relief in the form of just compensation for the property identified in the 8 tax deeds and for material breach that occurred on or about June 1-6, 2021 and all county held certificates purchased by the Plaintiff current and expired., as a matter of law and each count enumerated in the operative complaint and restated in this motion for summary judgment as a matter of right. All facts have been presented outline the breach and subsequent mistreatment of the Plaintiff in this motion.The Plaintiff requests relief in the form of monetary damages outlined in the Ad Addendum. Additionally, the Plaintiff requests and demands damages, specific performance, cure, any remedy for all violations of her constitutionally protected rights Plaintiff now requests punitive damages. Plaintiff contends that there is no defense that would explain why the Plaintiff has invested roughly 50,000.00 in their platform only to be locked out and harassed, while the Defendants collectively delivered nothing per the provisions of the contract, never returning the investment plus interest before, during, and after this suit alongside the statutory 18% interest that became payable at the closing of the Lienhub account and forced closing of all bank accounts. No surpluses reported from the sales of the Properties or any reporting or noticing of any kind. It is clear that there are several factors that played a part in the closing of the Plaintiffs account and failure to restore privileges. The only question left is how many times has this happened before, that would be a huge determining factor in the motivation of the persons with Administrative Authority at Lienhub and each individual named county.

A separate attachment Labeled Exhibit B is submitted with this motion. This Exhibit has already been submitted on 11/02/2022
And file stamped by the Clerk on that day. Any new issues raised are due to the fact that the information has only recently been discovered. See: (d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the plead- ings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All Parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Doris V Walker
/s/ Doris V Walker
35236 N Wilson Rd
Ingleside Illinois 60041
masonwalkerkid56@gmail.com
2625885591