IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DORIS V. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 21-cv-03589 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| BANK OF AMERICA, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Grant Street Group, Inc.'s motion to dismiss or, alternatively, to transfer venue [143] is granted subject to the requirements of this order. Consistent with the forum-selection clause from the governing contract, this Court finds that Plaintiff's claims against Defendant Grant Street Group, Inc. will be transferred to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1404. The transfer shall be stayed pending resolution of whether the entire case will be transferred or only the claims against Defendant Grant Street Group. Furthermore, by 10/7/2024, Plaintiff and Defendant Bank of America, N.A. each shall file a short submission (no more than 5 pages) setting forth their respective positions as to whether the claims against Defendant Bank of America, N.A. should be severed from the claims against Defendant Grant Street Group, Inc. such that they remain before this Court or whether those claims should be transferred to the United States District Court for the Middle District of Florida too. Plaintiff's motion to strike Defendant Grant Street Group, Inc.'s motion to dismiss [230] is denied, and Defendant Grant Street Group, Inc.'s motion to strike Plaintiff's filings opposing the motion to dismiss [232] is denied as moot.

## STATEMENT

### I. Background

Plaintiff Doris V. Walker has brought this case against Defendants Bank of America, N.A. ("BANA") and Grant Street Group, Inc. ("GSG"), asserting a litany of claims arising from her attempts to purchase tax liens in Florida. (Fourth Am. Compl. ("4AC"), Dkt. No. 89.)[1] For its part, GSG provided the online platform that Walker used to purchase the liens. (*Id.* at 94; *see also* Harrington Aff. at ¶¶ 8, 25, Dkt. No. 144-2.) Walker alleges that GSG locked her out of the account on its platform in June 2021, thereby preventing her from transferring the liens she had purchased. (4AC at 47–49, 94.) She alleges that she still cannot access her account. (*Id.* at 94.) Furthermore, she alleges that GSG has been "selling and trading the assets" from her account. (*Id.*

---

[1] Walker also names thirteen Florida counties and six Florida state courts as Defendants, though it does not appear that she has effected service on these entities.

at 95.) In connection with these allegations, Walker asserts a variety of claims under federal and state law against GSG.[2]

GSG has filed a motion to dismiss the claims against it or, in the alternative, to transfer venue. (Dkt. No. 143.) Its principal venue argument is that the claims against it fall within the scope of the forum-selection clause in the terms-of-use agreement to which Walker consented when she registered to use its online platform ("Agreement"). As relevant here, the Agreement provides:

> This Agreement shall be governed by the laws of the State of Florida without regard to its choice of law provisions. All disputes arising out of or related to this Agreement or the transactions completed on the Web Portal shall be subject to the exclusive jurisdiction of the State and Federal Courts located in the county where the Tax Collector with whom you conduct business is located and You waive any defense to the jurisdiction of such courts based on personal jurisdiction or forum *non conveniens*.

(Harrington Aff., Ex. B ("Agreement") at PageID #2731, Dkt. No. 144-2.) GSG contends that this provision requires dismissal of the claims against it under Federal Rule of Civil Procedure 12(b)(3) or a transfer of venue in accordance with 28 U.S.C. § 1404. Separately, GSG argues that dismissal is appropriate based on the doctrine of forum *non conveniens*, Walker's failure to join certain parties to the action, and her failure to plead her claims adequately under both Federal Rule of Civil Procedure 8 and Federal Rule of Civil Procedure 12(b)(6). It also argues that a separate provision of the Agreement limits the amount of damages available to Walker.[3]

About one month after GSG filed its motion to dismiss, Walker submitted two filings: one labeled a "motion to strike" (Dkt. No. 153), the other labeled an "objection and motion to strike" (Dkt. No. 159). At a subsequent status hearing, the Court confirmed that these filings together constitute her response to the motion to dismiss. (Dkt. No. 177.) Several months later, Walker filed yet another "motion to strike" the motion to dismiss (Dkt. No. 230) as well as a more straightforward response (Dkt. No. 231). GSG has now moved to strike these latter two filings. (Dkt. No. 232.)

---

[2] Through her sprawling complaint, Walker purports to assert the following claims against GSG: tortious interference, illegally locking her out of her account, fraudulent misrepresentation, breach of contract, deprivation of her Fifth and Fourteenth Amendment rights (presumably brought pursuant to 42 U.S.C. § 1983), breach of privacy, data breach, and interference with electronically stored information in violation of unnamed securities laws. (4AC at 94–102.)

[3] GSG raises the additional argument that Walker cannot assert claims on behalf of WalkeRealty LLC, another purported plaintiff. In its prior decision granting in part and denying in part BANA's motion to dismiss, the Court dismissed any claims Walker seeks to assert on behalf of WalkerRealty LLC on the grounds that she cannot pursue such relief *pro se*. (Mem. Op. and Order for BANA's Mot. to Dismiss at 4–5, Dkt. No. 224.) The same logic applies here; to the extent Walker purports to bring claims against GSG on behalf of WalkeRealty LLC, those claims are dismissed.

## II. Discussion

For purposes of this motion, the Court focuses on the appropriate venue pursuant to the forum-selection clause from the Agreement. *See In re LimitNone, LLC*, 551 F.3d 572, 576–77 (7th Cir. 2008) (characterizing venue as a threshold consideration). Because Walker is *pro se*, the Court construes her filings liberally. *E.g.*, *Gummow v. Monyelle, et al.*, No. 3:22-CV-50433, 2024 WL 2319775, at *1 (N.D. Ill. May 22, 2024).

### A. Legal Framework for Motion to Transfer

To start, the Court must determine the proper legal framework for GSG's venue challenge. GSG styles its primary request as arising under Rule 12(b)(3), which calls for dismissal when venue is "improper." Fed. R. Civ. P. 12(b)(3). GSG argues that venue is improper in this District due to the forum-selection clause in the Agreement. Whether venue is proper, however, depends on 28 U.S.C. § 1391, "irrespective of any forum-selection clause." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 57 (2013).

Venue is proper in any judicial district that satisfies one of the three criteria listed in § 1391(b). *Id.* at 55–56. Section 1391(b)(2), in particular, provides that venue lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." GSG concedes that Walker accessed its platform to purchase the tax liens from this District. (Mot. to Dismiss at 11; *see also* 4AC at 21–22, 26.) Although it argues that such conduct is not enough to invoke § 1391(b)(2), "[a] substantial part" as that term is used in the statute "does not mean 'most,' nor does it require the district court to be the best venue." *Savista, LLC v. GS Labs, LLC*, No. 23 C 6445, 2024 WL 1050159, at *4 (N.D. Ill. Mar. 11, 2024). Rather, "[t]o be 'substantial,' it is enough to establish that the events that took place in Illinois were part of the historical predicate for the instant suit." *Vernon v. Elberson*, No. 22 C 4890, 2024 WL 216665, at *3 (N.D. Ill. Jan. 20, 2024) (internal quotation marks omitted). Thus, that Walker accessed the platform and purchased the tax liens from this District suffices to make venue proper here under § 1391(b)(2).

But just because venue is proper in the Northern District of Illinois does not mean the forum-selection clause has no significance to this dispute. To the contrary, GSG can still enforce the clause "through a motion to transfer under [28 U.S.C.] § 1404(a)." *Atl. Marine Const. Co.*, 571 U.S. at 59. Even when venue lies in the district of the court where the plaintiff originally filed suit, like it does here, § 1404(a) "permits transfer to any district where venue is also proper . . . ***or to any other district to which the parties have agreed by contract*** or stipulation." *Id.* (emphasis added); *see also Nulogy Corp. v. Menasha Packaging Co., LLC*, 76 F.4th 675, 681 (7th Cir. 2023) ("[B]ecause forum selection clauses represent an agreement as to the proper forum, district courts are permitted to assume that the chosen forum is available to the contracting parties . . . ."). Thus, the Court next addresses GSG's request that the Court enforce the forum-selection clause in the Agreement by transferring the case in accordance with § 1404(a).[4]

---

[4] The forum-selection clause here points to both state and federal forums in Florida without indicating a preference. (Agreement at PageID #2731.)

3

"In resolving a § 1404(a) motion, the court accepts the complaint's well-pleaded factual allegations, as supplemented by the parties' evidentiary materials, and draws all reasonable inferences in [the plaintiff's] favor." *Esposito v. Airbnb Action, LLC*, 538 F. Supp. 3d 844, 846 (N.D. Ill. 2020). Normally, courts must balance the public interests and the private interests of the parties to decide whether transferring the case to a different forum "would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co.*, 571 U.S. at 63 (quoting 28 U.S.C. § 1404(a)). But "[w]hen parties agree to a forum-selection clause," the "private-interest factors . . . weigh entirely in favor of the preselected forum." *Id.* at 64. To that end, in cases with forum-selection clauses, the plaintiff must show "why the court should not transfer the case to the forum to which the parties agreed" based on "public-interest factors only." *Id.* at 63–64. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64.

As such, the Court must initially determine whether the forum-selection clause from the Agreement is "valid and enforceable." *Alera Grp., Inc. v. Houghton*, No. 23 C 1109, 2024 WL 942627, at *2 (N.D. Ill. Mar. 5, 2024). Afterwards, the Court assess whether the relevant factors favor transferring the case.

### B.        Forum-Selection Clause

The first part of the § 1404(a) analysis concerns the extent to which the forum-selection clause from the Agreement controls. "[T]he validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008). Here, there is some question as to which law will govern the case going forward. As described above, a choice-of-law provision accompanies the forum-selection provision; it states that the "Agreement shall be governed by the laws of the State of Florida." (Agreement at PageID #2731.) That suggests Florida law applies to the forum-selection clause—which "is, obviously, a term in the contract," *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 438 (7th Cir. 2012). On the other hand, Walker's claims under 42 U.S.C. § 1983, at minimum, arise under federal law, which suggests that federal law should control. *Ayyash v. Horizon Freight Sys., Inc.*, No. 15-CV-10296, 2018 WL 5994755, at *3 & n.1 (N.D. Ill. Nov. 15, 2018). And some state-law claims might fall outside the ambit of the Agreement's choice-of-law provision themselves. In addition to Florida law, such claims could ostensibly be governed by Illinois law (Walker's residence) or even Pennsylvania law (GSG's state of incorporation and the location of its principal office (Harrington Aff. ¶ 2)).

No matter the source of law, the governing standard is similar. Federal, Florida, Illinois, and Pennsylvania law all favor enforcement of forum-selection clauses, with narrow exceptions if such a result would be unreasonable or would raise some other fairness concern. *See Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) (explaining that, under federal law, "a forum-selection clause will be enforced unless enforcement would be unreasonable or unjust or the provision was procured by fraud or overreaching"); *W. Bay Plaza Condo. Ass'n, Inc. v. Sika Corp.*, 338 So. 3d 32, 34 (Fla. Dist. Ct. App. 2022) ("Florida law presumes that the forum selection clauses in contracts are valid and enforceable, and a party seeking to avoid enforcement of such a clause must establish that enforcement would be unjust or unreasonable." (internal quotation marks omitted)); *Harris v. DHM Industries*, No. 21-1202, 2023 WL 187575, at *6 (Ill. App. Ct. Jan. 13, 2023) ("In Illinois, a forum-selection clause in a contract is *prima facie*

valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." (internal quotation marks omitted)); *Arro Consulting, Inc. v. Bennett, Brewer & Associates, LLC*, No. 1673-MDA-2016, 2017 WL 3865822, at *3 (Pa. Super. Ct. Sept. 5, 2017) (explaining that, under Pennsylvania law, "[a] forum selection clause is . . . generally enforceable when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation" (internal quotation marks omitted)).

Here, Walker does not dispute that she agreed to the terms of the Agreement when she created her account on GSG's platform. (Harrington Aff. ¶¶ 26–27.) Nor does she dispute that the broad scope of the forum-selection clause captures all her claims against GSG. (*See* Agreement at PageID #2731 (encompassing "[a]ll disputes arising out of or related to [the] Agreement or the transactions completed on the Web Portal")); *see also Abbott Lab'ys v. Takeda Pharm. Co.*, 476 F.3d 421, 424 (7th Cir. 2007) (reasoning that a similar forum-selection clause was "about as broadly worded as could be imagined"). And Walker further does not contest that the forum-selection clause speaks in mandatory terms by requiring that disputes "***shall*** be subject to the ***exclusive*** jurisdiction of the" Florida courts. (Agreement at PageID #2731 (emphasis added)). To the extent the governing law requires that the forum-selection clause use mandatory language to enforce a transfer, this provision suffices. *See Pro. LED Lighting, Ltd. v. Aadyn Tech., LLC*, No. 14-CV-2440, 2014 WL 6613012, at *6 (N.D. Ill. Nov. 21, 2014) (reaching the same conclusion with respect to a similar forum-selection clause pointing to Florida). These factors all suggest that the forum-selection clause applies and controls in this case.

Yet Walker challenges the application of the forum-selection clause due to fairness concerns. In her filing that most squarely addresses the issue (Walker Resp. Br., Dkt. No. 231), Walker questions the legal significance of the provision in light of what she views as the overwhelming connections the case has to Illinois. But Florida has its own ties to the case—hence the numerous Florida Defendants—that would support transfer too. *See Savista, LLC*, 2024 WL 1050159, at *4 (explaining that multiple locales can have proper venue). Walker also objects to a transfer to a Florida court due to her concern that the transferee court would "discriminate against her and her business" and would "not comport with the rules of fair play and justice." (Walker Resp. Br. at 3.) Such a generic and speculative challenge, however, does not justify disregarding the forum-selection clause. *Cf. Sik Gaek, Inc. v. Harris*, 789 F.3d 797, 798 n.1 (7th Cir. 2015) (deeming as "groundless" and not worthy of "further discussion" the plaintiff's accusation that the district court had a "regional bias"). Finally, to the extent Walker attempts to cite a resource disparity that would make litigation relatively more difficult for her in Florida, that point is underdeveloped, *see, e.g.*, *Salvi v. United States*, No. 18 C 5041, 2019 WL 4918145, at *3 (N.D. Ill. Oct. 4, 2019) (declining to make an argument on behalf of a *pro se* litigant); regardless, it is the exact sort of private interest that she waived when she consented to the forum-selection clause in the first place, *Atl. Marine Const. Co.*, 571 U.S. at 64.

In short, Walker has failed to demonstrate under the laws of any jurisdiction that the forum-selection clause is not valid and enforceable. Thus, the Court will account for the clause in its § 1404(a) analysis. The provision itself does not identify a specific federal court in Florida as the transferee court, instead selecting "the county where the Tax Collector with whom [Walker] conduct[ed] business is located." (Agreement at PageID #2731.) Here, the clause could support transfer to the location of any one of the thirteen counties—located across the three federal district

courts in Florida—where Walker alleges she conducted her business. (4AC at 22–25.) The Court does not understand GSG to be asking to sever the case by transferring each set of claims to their matching district court. The more efficient solution is to choose the district court where the most counties are located: the United States District Court for the Middle District of Florida. The Court will interpret the forum-selection clause as pointing to that court.

### C. Public-Interest Factors

In light of the controlling forum-selection clause from the Agreement, Walker "bear[s] the burden of showing why the court should not transfer the case to" the United States District Court for the Middle District of Florida based on just public-interest factors. *Atl. Marine Const. Co.*, 571 U.S. at 64. These factors include:

> the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 645 (7th Cir. 2022) (reviewing a motion to dismiss for forum *non conveniens*). As explained above, the public-interest factors will rarely suffice to overcome a forum-selection clause. *Atl. Marine Const. Co.*, 571 U.S. at 64.

Walker does not cite any specific public-interest factor that would justify keeping her claims against GSG in this Court. Indeed, given the ample connections to Florida this suit entails, many of the listed factors support transfer. It might be argued that transferring those claims while retaining the portion of the case involving BANA would produce the inefficient result of parallel litigations in different forums. Yet the Seventh Circuit has explained that "worry about piecemeal litigation should not override [a] valid forum selection clause." *Nulogy Corp.*, 76 F.4th at 682. Absent argument to the contrary, the Court will not prohibit the transfer on those—nor any other—grounds. That said, the Court will entertain a request to transfer Walker's surviving negligence claim against BANA to the United States District Court for the Middle District of Florida along with her claims against GSG. *See id.* at 682–83 (examining how dismissing one defendant for forum *non conveniens* affects the appropriate treatment of related claims against a different defendant).

### III. Conclusion

For the reasons explained above, Walker has failed to demonstrate that the forum-selection clause from the Agreement should not be enforced by transferring her claims against GSG to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). As such, the motion to dismiss or transfer venue filed by GSG (Dkt. No. 143) is granted with respect to the latter request. Walker's motion to strike GSG's motion to dismiss (Dkt. No. 230) is denied because Walker never provides a valid explanation as to why the motion is improper. And GSG's motion to strike Walker's untimely opposition filings (Dkt. No. 232) is denied as moot because, even considering those filings, the Court grants its request to transfer.

Dated: September 30, 2024

_____
Andrea R. Wood
United States District Judge